**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:05CV-506-H**

**AARON M. MUHAMMAD**                                                                              **PLAINTIFF**

**v.**

**CITY OF LOUISVILLE**
**ETHEL MILES-MOORE**                                                                              **DEFENDANTS**

**MEMORANDUM AND ORDER**

Asserting jurisdiction on the basis of diversity of citizenship, Plaintiff filed a *pro se* complaint against the City of Louisville and Ethel Miles-Moore alleging that he injured his ankle "on or near a sidewalk controlled by either one or both of the Defendants who had the authority and responsibility to maintain said sidewalk." Before undertaking its mandatory review of the complaint under 28 U.S.C. § 1915(e), the Court ordered Plaintiff to provide additional information to the Court. In response, he reported that he fell on a sidewalk at 18th Street and Broadway in Louisville, Kentucky on May 18, 2001. He claims that his ankle was injured due to the negligence in the care of the sidewalk by either or both Defendants. He alleges damages in excess of $75,000. On initial review of the complaint and the additional information provided by Plaintiff, the Court concludes that the instant action must be dismissed.

**I. STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II.  ANALYSIS

### A.  Claim against Ethel Miles-Moore

"The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it." *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). As the Supreme Court has stated, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A claim is barred under the doctrine of claim preclusion when the following four elements exist: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

The Court has discovered an unpublished Kentucky Court of Appeals decision already addressing Plaintiff's negligence claim against Defendant Miles-Moore. *See Muhammad v.*

2

*Miles-Moore*, No. 2004-CA-000312-MR, 2005 WL 267552 (Ky. App. Feb. 4, 2005). By Opinion entered February 4, 2005,[1] the Court of Appeals affirmed the trial court's dismissal of the negligence claim for damages, concluding that an adjoining property owner owes neither a common-law duty nor a duty created by municipal ordinance to pedestrians to maintain public walkways. *Id.* (citing *Schilling v. Schoenle*, 782 S.W.2d 630 (Ky. 1990)).

Each of the four elements of claim preclusion is present in the instant case, binding this Court to the decision rendered in state court. Plaintiff's claims against Defendant Miles-Moore will therefore be dismissed on res judicata grounds.

### B. Claim against the City of Louisville

"There is no question but that [a city] is liable to pedestrians for injuries caused by defects in city sidewalks." *Schilling*, 782 S.W.2d at 633. Under KRS § 411.110,[2] however, a plaintiff is required to give notice to the city within 90 days of the incident as a prerequisite to suit. *Berry v. City of Louisville*, 249 S.W.2d 818, 819 (Ky. 1952) ("The giving of notice as required by the statute is mandatory and is a condition precedent to the bringing of a suit against

---

[1] In its opinion, the Court of Appeals recited the following allegations, which are identical to those raised by Plaintiff in the instant action: "In May 2001, Muhammad tripped and injured himself on a sidewalk abutting property Miles-Moore owns near the intersection of 18th Street and Broadway in Louisville. Muhammad claims that the sidewalk was so decayed as to be defective and that Miles-Moore breached her duty to maintain it."

[2] Pursuant to KRS § 411.110,

No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety (90) days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city.

3

the City."). Neither the complaint nor the additional information provided by Plaintiff demonstrates that Plaintiff gave the requisite notice to the City of Louisville. *Galloway v. City of Winchester*, 184 S.W.2d 890, 891 (Ky. 1944) ("[T]he petition must allege that the notice has been given in the manner prescribed by statute.").

If an injured person has provided the requisite notice to the city, "[t]he injured person may [] file his suit at any time within the period of limitation prescribed for the commencement of actions in tort." *Id.* In Kentucky, personal injury negligence suits are governed by KRS § 413.140(1)(a), which provides for a one-year statute of limitations period for an "[a]n action for an injury to the person of the plaintiff. . . ." Plaintiff's alleged injury occurred when he fell on the sidewalk on May 18, 2001. Thus, the limitations period expired one year later on May 18, 2002, over three years prior to the filing of the instant complaint on September 2, 2005. Consequently, even if Plaintiff had provided the requisite notice to the City of Louisville as required by the statute, his claim is nevertheless time barred and must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:       Plaintiff, *pro se*
           Jefferson County Attorney
4412.005

4